UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FALLS LAKE NATIONAL INSURANCE COMPANY,

            Plaintiff,

  -against-

270 WEST STREET LLC, et al.,

            Defendant.

19-CV-10491 (LTS) (BCM)

**INITIAL CASE MANAGEMENT ORDER**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/09/2020

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. <u>Compliance with Court Orders</u>. The parties are reminded that this Court's Orders are orders, not suggestions. By Order dated February 24, 2020 (Dkt. No. 44), at 1, the Court directed the parties to submit a joint Pre-Conference Statement in advance of the April 7, 2020 initial case management conference, signed by counsel for all parties. The Court specified that if the parties were in disagreement as to any portion of the proposed pretrial schedule, "they may submit separate proposals as to such portion." (*Id*. at 3.) Instead, plaintiff Falls Lake National Insurance Company (Falls Lake) submitted a "Joint Report and Proposed Discovery Plan" on its own behalf (Dkt. No. 54), accompanied by an argumentative letter dated March 31, 2020 (Dkt. No. 54-1), and defendants 270 West Street LLC (270 West) and Capstone Contracting Corp. (Capstone) submitted an entirely separate letter (Dkt. No. 53) and "Joint Report and Proposed Discovery Plan" (Dkt. No. 53-1) reflecting their own views. The parties are advised that future violations of this Court's Orders will result in sanctions.

2. <u>Joinder and Amendment</u>. Plaintiff having amended its complaint, 270 West and Capstone having answered the amended complaint, and 270 West having asserted counterclaims and crossclaims, which have also been answered by all parties that have appeared, these parties shall not further amend their pleadings, or join additional parties, absent leave of the Court.

3. <u>Service on Remaining Defendants</u>. Plaintiff shall effect service of its amended complaint on defendants Cristhian Ochoa (Ochoa) and Fernhill Construction Corp. (Fernhill) no later than **April 24, 2020**, and shall promptly file proof of such service on ECF.

4. <u>Automatic Disclosures</u>. Plaintiff Falls Lake and defendants 270 West and Capstone shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) with one another no later than **April 24, 2020**, and with any newly-appearing defendant within **14 days after such defendant has appeared**.

5. Default Motion. Should defendants Ochoa and Fernhill fail to answer or otherwise respond to the amended complaint after service thereof, and should plaintiff wish to renew its motion for a default judgment against such defendant(s), plaintiff shall file its motion papers, in accordance with the Individual Practices of the district judge, no later than **May 26, 2020**.

6. Motion Relating to Crossclaims. In its March 31 letter, plaintiff sought "leave to move to dismiss those crossclaims asserted by the defendants 270 West Street LLC and Capstone Contracting Corp., in this action against each other that duplicate the claims asserted in the Ochoa Action and are improperly asserted in this action." (Dkt. No. 54-1, at 3.) In fact, only 270 West has asserted crossclaims. (Dkt. No. 50, at 9-14.) Those crossclaims run against Capstone and Fernhill. (*Id*.) Since parties ordinarily "do not have standing to move to dismiss . . . substantive claims not actually asserted against them," *Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*, 346 F. Supp. 3d 432, 462 n.4 (S.D.N.Y. 2018) (collecting cases), the Court will conduct a telephonic conference on **May 19, 2020, at 10:00 a.m**. to further discuss plaintiff's anticipated motion. Prior to the conference, counsel for plaintiff and 270 West must meet and confer in good faith and in real time (*e.g*., by telephone or videoconference) in an attempt to resolve the disputed issues among themselves. Thereafter, if plaintiff still wishes to file a motion to dismiss the crossclaims, the parties shall file a joint letter, no later than **May 12, 2020**, outlining their respective positions. The parties should also be prepared, at the May 19 conference, to discuss discovery scheduling.

7. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences scheduled by the Court must be made by letter-motion, in accordance with Judge Moses's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

8. Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

9. COVID-19 Modifications. For the duration of the COVID-19 public health emergency, unless otherwise ordered by the Court:

    a. Conferences and Hearings. All court conferences and hearings will be conducted by teleconference. The parties are directed to call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**

b. <u>Remote Depositions</u>. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
April 9, 2020

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**